IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT LOUIS BROWN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY S. GRAY,<br><br>Defendant. | ORDER DENYING MOTION FOR SETTLEMENT [ECF 6]<br><br>AND<br><br>REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00035-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

## I.  BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). On January 16, 2024, *pro se* Plaintiff Robert Louis Brown (Plaintiff) filed his Complaint against Defendant Jeffrey S. Gray (Defendant) (ECF 1). On March 18, 2024, Plaintiff filed a Motion to Dismiss (ECF 5) asking this court to dismiss his criminal case in state court. On April 9, 2024, Plaintiff filed a Motion for Settlement (ECF 6), which appears to ask the court to order a settlement and to grant him declaratory and monetary relief. Plaintiff filed two other motions (ECF 7; ECF 8), which both appear to be requests to submit his pending motions for decision. On July 19, 2024, the court issued an Order to Show Cause (ECF 10) (Order) directing Plaintiff to explain why this case should not be dismissed for failure to serve Defendant and failure to prosecute by August 2, 2024. The Order warned Plaintiff that failure to timely respond may result in dismissal of this

1

action (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not responded to the Order, served Defendant, or taken any other action in this matter.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. This matter has been pending since January 16, 2024, and the time to serve Defendant expired on April 15, 2024. Plaintiff failed to comply with the Order's directive to explain the reason for his failure to timely serve Defendant and failure to prosecute this case (ECF 10). Plaintiff failed to file any response to the Order despite a clear warning from the court that this case could be dismissed for failure to timely respond. Moreover,

none of Plaintiff's prior filings provide any reason for the delay in serving Defendant or any basis to support a finding of good cause to extend the time for service. *See* Fed. R. Civ. P. 4(m). Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant where he has not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order, the court finds that the circumstances in this case warrant dismissal.

In addition, the court finds that Plaintiff's filings in this case are procedurally improper, lack any legal authority, and appear to be based on meritless arguments. Because Defendant has not been served, ordering settlement or any substantive relief, as requested by Plaintiff in the Motion for Settlement (ECF 6), or addressing the Motion to Dismiss is improper (ECF 5). The court therefore DENIES the Motion for Settlement (ECF 6) and RECOMMENDS the Motion to Dismiss (ECF 5) be DENIED.

## ORDER

For the foregoing reasons, the court hereby DENIES Plaintiff's Motion for Settlement (ECF 6).

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case, the undersigned **RECOMMENDS** that the court **DENY** Plaintiff's Motion to Dismiss (ECF 5) and **DISMISS** this case without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 October 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah